LOUIS WEBER & Co. Defendant in Error, *vs.* JACOB M.
LEVINE, Plaintiff in Error.

*Opinion filed December 21, 1911.*

APPEALS AND ERRORS—*when constitutionality of section 33 of
Municipal Court act is not involved.* The constitutionality of sec-
tion 33 of the Municipal Court act, providing that any party may
be examined by the adverse party as if under cross-examination
but that the party calling for the examination shall not be con-
cluded thereby but may rebut the testimony, is not involved, even
though the plaintiff calls the defendant as a witness under said
section and the court refuses to hold said section unconstitutional,
where the plaintiff accepted the defendant's testimony as true and
made no attempt to contradict it.

WRIT OF ERROR to the Municipal Court of Chicago;
the Hon. HOSEA W. WELLS, Judge, presiding.

LOUIS GREENBERG, for plaintiff in error.

BLUM & BLUM, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The defendant in error, a corporation, recovered in the
municipal court of Chicago a judgment in trover against
the plaintiff in error, a pawnbroker, for the value of a dia-
mond ring pawned to the plaintiff in error upon which the
defendant in error claimed to have a chattel mortgage. A
writ of error was sued out of this court on the ground that
the constitutionality of section 33 of the Municipal Court
act is involved. A motion made by the defendant in error
to dismiss the writ for the reason that no constitutional
question was involved was taken with the case.

We are of the opinion that we are without jurisdiction
in this case. Section 33 of the Municipal Court act pro-
vides that any party to a suit in the municipal court may
be examined on the trial as if under cross-examination at

the instance of the adverse party, but that the party calling for such examination shall not be concluded thereby but may rebut the testimony thus given.   On the trial the plaintiff called the defendant as a witness, stating that he called him under section 33.   The defendant's counsel then said that he claimed that if the defendant was called under section 33 any testimony he might give would bind the plaintiff, to which the court responded that the plaintiff was not bound by any testimony given by the defendant, and the defendant excepted.   The defendant then testified that he was a pawnbroker, and that a certain diamond ring was pawned to him at his place of business on a certain date by A. A. Hartman, and that he did not know whether the plaintiff had a mortgage on it or not.   The court refused to hold a proposition of law submitted by the defendant to the effect that section 33 was unconstitutional, that the plaintiff was bound by any testimony given by the defendant when called by the plaintiff, and that the defendant's testimony must be treated the same as that of any other credible witness testifying on behalf of the plaintiff.   No attempt was made to contradict the defendant's testimony. In fact, every material part of it was essential to the plaintiff's case, and if it had not been accepted as true no judgment could have been rendered against defendant.   There was therefore no occasion for the application of section 33. It was absolutely unimportant.

No constitutional question being presented we have no authority to examine the other matters assigned for error.

In accordance with the statute the cause will be transferred to the Appellate Court for the First District.

*Cause transferred.*